UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Elizabeth Marie Stephenson,

    Petitioner,

v.

Michael Segal, Warden,

    Respondent.

Case No. 23-cv-951 (KMM/DJF)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on Petitioner Elizabeth Marie Stephenson's Petition for a Writ of Habeas Corpus ("Petition") (ECF No. 1).[1] Ms. Stephenson, a federal prisoner, argues that the Federal Bureau of Prisons ("BOP") miscalculated her time credits under the First Step Act of 2018 ("FSA") and that she is entitled to immediate release. (ECF Nos. 1, 1-1.) Because the BOP's interpretation of the FSA with respect to the time credit calculations at issue is clearly reasonable—if not compelled by the FSA—the Court recommends denying Ms. Stephenson's Petition.

Under the FSA,

> [a] prisoner … who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
> > (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> > (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who,

---

[1] Ms. Stephenson's habeas petition is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although she challenges the duration of her confinement under 28 U.S.C. § 2241 (*see* ECF No. 1), and not under section 2254, the Rules Governing Section 2254 cases nevertheless may be applied to her petition. *See* Rule 1(b).

1

> over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A).

Ms. Stephenson has taken several classes as part of the "evidence-based recidivism reduction programming" established under the FSA (ECF No. 1-1). She has taken many of these classes simultaneously. For example, Ms. Stephenson was enrolled in nineteen classes at or around the time she filed the petition for a writ of habeas corpus now before the Court. *See id.* She argues the FSA entitles her to at least 10 days of time credit per month for each individual program in which she enrolled (990 days in total), and asks the Court to direct the BOP to apply all of those credits and release her immediately. (*See id.*; ECF No. 1-2 at 3.) The Court has already rejected a substantively identical claim raised by another prisoner at the facility where Ms. Stephenson now resides. *See Rice v. Segal*, No. 23-cv-0751-ECT-DJF, ECF No. 6 (D. Minn. Apr. 24, 2023). As the Court explained in *Rice*, Ms. Stephenson's interpretation of the FSA is inconsistent with the text of the FSA. Section 3632(d)(4)(A) does not require the BOP to award credits for each *program* completed. *Id.* Instead, prisoners "shall earn . . . time credits for every 30 days of successful participation in evidence-based recidivism reduction *programming*." 18 U.S.C. § 3632(d)(4)(A)(i) (emphasis added). Whether a prisoner participates in one program on a given day or nineteen programs simultaneously, she is "participati[ng] in evidence-based recidivism reduction programming," *id.*, and is equally eligible to receive the same amount of time credits. "Congress made clear that a prisoner earns First Step Act Time Credits based on the number of days in which they participate in eligible programs, not the number of eligible programs in which they participate." *Dale v. Hawkins*, No. H-22-3224, 2023 WL 2601215, at *5 (S.D. Tex.

Mar. 22, 2023); *accord Bray v. Yates*, No. 2:22-CV-142-JTR, 2023 WL 2894918, at *6 (E.D. Ark. Apr. 11, 2023) (citing *Burruss v. Hawkins*, No. H-22-2740, 2023 WL 319955, at *6 (S.D. Tex. Jan. 19, 2023)). The Court must give effect to the unambiguous language of the statute as written. *See Chevron U.S.A., Inc. v. Nat. Resources Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984).

Even if the statutory language were ambiguous, Ms. Stephenson would not be entitled to habeas relief unless the BOP's interpretation is an unreasonable one. *See id.* "The agency's view 'governs if it is a reasonable interpretation of the statute—not necessarily the only possible interpretation, nor even the interpretation deemed *most* reasonable by the courts.'" *Ameren Corp. v. FCC*, 865 F.3d 1009, 1012 (8th Cir. 2017) (quoting *Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009)). Since the terms "programming" and "productive activities" may refer to multiple classes or programs, *see* 18 U.S.C. § 3642(d)(4)(A), the Court finds the BOP's interpretation of the FSA credit-accrual formula is clearly reasonable. *See Bray*, 2023 WL 2894918, at *6. The Court concludes that Ms. Stephenson is not entitled to habeas corpus relief and recommends that her Petition be denied for these reasons.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The Petition for a Writ of Habeas Corpus (ECF No. [1]) be **DENIED**.

2. This matter be **DISMISSED**.

Dated: May 8, 2023

s/ *Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).