## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Elizabeth Marie Stephenson,

               Plaintiff,

v.

Michael Segal,

               Defendant.

Case No. 23-cv-951 (KMM/DJF)

**REPORT AND RECOMMENDATION**

On May 8, 2023, the Court issued a Report and Recommendation (ECF No. 5) recommending dismissal of Ms. Stephenson's Petition for a Writ of Habeas Corpus ("Petition"), which challenges the methodology the Bureau of Prisons ("BOP") used to calculate her First Step Act (FSA) time credits (ECF No. 1). Two days later, the Court received a document styled as an "Addendum" to Ms. Stephenson's Petition ("Addendum") (ECF No. 6). The Addendum alleges a case manager informed Ms. Stephenson on May 6, 2023 that the BOP is withholding FSA time credits because she is not making required restitution payments. (*Id.*) Ms. Stephenson claims she is unable to make the required payments because she has no income, and it is unlawful for the BOP to withhold FSA time credits on that basis. (*Id.*)

The Court observes that: (1) this is a new claim; (2) Ms. Stephenson likely mailed the Addendum before the Court issued its original Report and Recommendation; and (3) Ms. Stephenson is pro se. For these reasons, the Court will construe her Petition (ECF No. 1) and Addendum (ECF No. 6) jointly as the operative pleading in this matter and address the Addendum as if she had filed it as part of the original Petition. *See, e.g.*, *Jihad v. Fabian*, 680 F. Supp. 2d 1021, 1029 n.2 (D. Minn. 2010) ("The [pro se] Amended Pleading clearly intends to incorporate

the claims alleged in the original Complaint, and so, we read the two pleadings together for purposes of the instant motion."); *Librace v. Moody*, 4:21-cv-01198-KGB, 2022 WL 17905561, at *1 (E.D. Ark. Dec. 22, 2022) ("The Court performs its screening function by examining Mr. Librace's complaint and notice of case status (Dkt. Nos. 2; 4), construing together these two entries as Mr. Librace's operative complaint."). As discussed below, Ms. Stephenson's Addendum claim should be dismissed without prejudice because she has not exhausted her administrative remedies.

"It is well settled that federal prisoners must exhaust their available administrative remedies before seeking federal habeas corpus relief under 28 U.S.C. § 2241." *Donnelly v. Fed. Bureau of Pris.*, 10-cv-3105-DWF-JSM, 2012 WL 2357511, at *3 (D. Minn. May 30, 2012) (collecting cases), *report and recommendation adopted*, 2012 WL 2357490 (D. Minn. June 20, 2012). "If a prisoner deprives prison officials and the courts of the benefits of the administrative remedies process, by failing to pursue [her] administrative remedies in a proper and timely manner, [her] claims are procedurally defaulted." *Id.* (collecting cases). The Court will only waive the exhaustion requirement if Ms. Stephenson shows that "some external impediment" prevented her from exhausting her administrative remedies, *id. at 4*, or that any attempt to exhaust her administrative remedies would be an entirely futile exercise. *See Aguilar v. United States*, 15-cv-487-SRN-JSM, 2015 WL 5719166, at *2 (D. Minn. Sept. 29, 2015) (citing *Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004)).

Ms. Stephenson has not shown she challenged the BOP's decision to withhold her FSA credits administratively or that she received a final decision from the agency with respect to that dispute. It is highly improbable she could have done so since she only just learned about this claim from her case manager nine days ago (ECF No. 6) She does not claim any impediment prevents her from pursuing her claim through the proper administrative channels and has not established

doing so would be futile.  As her Addendum provides no arguments for why the Court should ignore the exhaustion requirement in this instance, the Court concludes this claim should be dismissed without prejudice for failure to meet the exhaustion requirement.[1]

### RECOMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.    Ms. Stephenson's Addendum (ECF No. [6]) to her Petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Dated: May 15, 2023                              *s/ Dulce J. Foster*
                                                 Dulce J. Foster
                                                 United States Magistrate Judge

### <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[1] If Ms. Stephenson challenges the BOP's decision to withhold FSA time credits based on her inability to pay restitution and receives a final determination from the BOP denying her claim, this recommendation would not bar her from filing a new petition challenging that decision at that time.