UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Elizabeth Marie Stephenson,    No. 23-cv-951 (KMM/DJF)

Petitioner,

v.    **ORDER**

Michael Segal, *Warden*,

Respondent.

---

Elizabeth Marie Stephenson objects to the Reports and Recommendations filed by United States Magistrate Judge Dulce J. Foster on May 8, 2023 and May 15, 2023. [Dkt. 5 (May 5th R&R); Dkt. 7 (May 15th R&R).] In the May 5th R&R Judge Foster recommended that Ms. Stephenson's habeas petition, which argued that the Federal Bureau of Prisons ("BOP") miscalculated her time credits under the First Step Act of 2018 ("FSA"), be denied. Judge Foster concluded that Ms. Stephenson was not entitled to at least 10 days of time credit for each individual program in which she was enrolled simultaneously (19 evidence-based recidivism reduction programming courses at once around the time she filed the petition) every month. Specifically, Judge Foster concluded that 18 U.S.C. § 3632(d)(4)(A) does not require the BOP to award credits for each program completed. Instead prisoners earn time credits "for every 30 days of successful participation in evidence-based recidivism reduction programming." [May 5th R&R at 2 (quoting 18 U.S.C. § 3632(d)(4)(A)(i)).] Accordingly, Judge Foster recommends that the habeas petition be denied and this action be dismissed. [*Id.* at 3.]

1

In the May 15th R&R, Judge Foster addressed an "Addendum" to the petition that Ms. Stephenson submitted. In the Addendum, Ms. Stephenson claimed that her case manager was withholding FSA time credits because Ms. Stephenson is not making required restitution payments, but she is unable to make those payments because she has no income, and the BOP cannot withhold credits on that basis. [Dkt. 6; May 15th R&R at 1.] Judge Foster concluded that Ms. Stephenson had failed to exhaust the claim raised in her Addendum and recommended that it be dismissed without prejudice on that basis. [May 15th R&R at 2–3.]

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b).

Ms. Stephenson raises an array of arguments in her objections, including a cogent criticism of the so-called *Chevron* doctrine by which federal courts defer to agency interpretations of ambiguous statutes they are charged with enforcing. [Dkt. 8 at 3 (citing *Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837 (1984)); *see also* Dkt. 9 at 3.] Her arguments can be summarized as setting forth her disagreement with the statutory analysis conducted by Judge Foster in rejecting her habeas claim. However, the Court agrees with Judge Foster's analysis, which is consistent with other courts to have considered such claims. *See Rice v. Segal*, No. 23-cv-0751-ECT-DJF, ECF No. 6 (D. Minn. Apr. 24, 2023). As simply stated in the May 5th R&R, "Ms. Stephenson's interpretation of the FSA is inconsistent with the text of the FSA." [May 5th R&R at 2–3 (citing cases).] Because the text of the FSA plainly does not

2

support such a claim, resort to any analysis of the BOP's interpretation under the *Chevron* doctrine is unnecessary.

Turning to the May 15th R&R, it is not entirely clear that Ms. Stephenson has objected to the conclusion that she failed to exhaust the claim raised in the Addendum. [*See* Dkt. 8 & 9, *passim*.] But based on the Court's review of the entire record, and the fact that Ms. Stephenson learned of the claim so soon before submitting the Addendum [May 15th R&R at 2], the Court finds no error in Judge Foster's conclusion that the claim is subject to dismissal without prejudice for failure to exhaust administrative remedies. If those remedies are unsuccessful, Ms. Stephenson can file a new habeas action raising this argument in the future.

Finally, Ms. Stephenson's objections also raise concerns about the conditions of confinement at the Federal Correctional Institution in Waseca. But under Eighth Circuit law, such claims are not appropriately adjudicated through a habeas proceeding. *See Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014).

Accordingly, **IT IS HEREBY ORDERED** that the May 5th R&R [Dkt. 5] and May 15th R&R [Dkt. 7] are **ACCEPTED**, Ms. Stephenson's Objections [Dkt. 8, 9] are **OVERRULED**; the habeas petition [Dkt. 1] is **DENIED**; and the claim raised in the Addendum [Dkt. 6] is **DISMISSED WITHOUT PREJUDICE**.

**Let Judgment be entered accordingly**.

Date: August 18, 2023

                                        *s/Katherine Menendez*
                                        Katherine Menendez
                                        United States District Judge